Ronald HRUBEC, Nijole Hrubec, Kim M. Golden, Ronald C. Hrubec, and Stephen N. Hrubec, Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION a/k/a Amtrak, Robin Zarbo, Ernest R. Frazier, Michael Higdon, and John Doe, Defendants.

No. 91 C 4447.

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1991.

Edward Arthur Voci, Leadership Council, Chicago, Ill., for plaintiffs.

Carl Roy Peterson, Nancy Shaw, Lord, Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Ronald Hrubec, Nijole Hrubec, Kim M. Golden, Ronald C. Hrubec, and Stephen N. Hrubec bring this two-count complaint against National Railroad Passenger Corporation a/k/a Amtrak ("Am-

trak"), Robbin Zarbo, Ernest R. Frazier, Michael Higdon and John Doe, whose true identity is unknown to plaintiffs, alleging violations of 26 U.S.C. § 7431(a)(2) and the common-law tort of invasion of privacy. Currently before this court is (1) Zarbo and Frazier's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), and (2) defendants' motion to dismiss the complaint for failure to state a claim for which relief may be granted under Fed.R.Civ.P. 12(b)(6). For the reasons as set forth below, we deny Zarbo and Frazier's motion to dismiss for lack of personal jurisdiction, but grant defendants' motion to dismiss both counts of plaintiffs' complaint for failure to state a claim.

## I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

## II. Background

Plaintiff Ronald Hrubec is currently employed by Amtrak as a police officer. Nijole Hrubec, Ronald's wife, was employed by Amtrak from 1977 to 1986. At all times relevant to this case, defendants Zarbo and Frazier were employed by Amtrak as a police officer and the Deputy Chief of Police respectively. Higdon was employed by Amtrak as a claims adjuster.

On or about August 10, 1989, plaintiffs learned that someone had forged Ronald Hrubec's signature on Internal Revenue Service form 4506, requesting Ronald and Nijole Hrubec's 1988 and 1989 federal income tax returns. The Hrubecs contend that Zarbo, Frazier, Higdon and John Doe, whose true identity is unknown to plaintiffs, obtained the federal tax returns of Ronald and Nijole Hrubec without their consent. Plaintiffs seek compensatory and punitive damages from the above-named Amtrak employees, arguing that their conduct constitutes a violation of 26 U.S.C. § 7431(a)(2) (Count I). Amtrak's liability is premised on the doctrine of *respondeat superior*.

In addition, the Hrubecs claim that defendants Higdon, Zarbo, Frazier and John Doe procured "through deceptive and surreptitious means" the adoption records relating to the Hrubecs' two minor children, Ronald C. Hrubec and Stephen N. Hrubec, and their natural mother, Kim M. Golden. These records were impounded under seal by order of an Illinois court pursuant to Ill.Rev.Stat. ch. 40, ¶ 1501 *et seq*. Likewise, the defendants allegedly obtained hospital medical records concerning the two children and their natural mother without proper consent. Plaintiffs assert that the above-mentioned conduct constitutes an unreasonable intrusion into their private affairs, and thus an invasion of privacy (Count II).

## III. Personal Jurisdiction

Zarbo and Frazier move for dismissal pursuant to Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction over the person. The party asserting the existence of jurisdiction—in the instant case, the plaintiffs—bears the burden of proof. *Publications Int'l, Ltd. v. Simon & Schuster, Inc.*, 763 F.Supp. 309, 310 (N.D.Ill.1991); *Boden Products, Inc. v. Novachem, Inc.*, 663 F.Supp. 226, 229 (N.D.Ill.1987). As the relevant statute in this case, 26 U.S.C. § 7431(a)(2), does not prescribe a manner of service, this court has jurisdiction over Zarbo and Frazier (non-resident parties) only if an Illinois state court could have such jurisdiction. *Publications Int'l*, 763 F.Supp. at 310; *E.J. McGowan & Assoc., Inc. v. Biotechnologies, Inc.*, 736 F.Supp. 808, 809 (N.D.Ill. 1990).

Personal jurisdiction in this case is governed by the Illinois long-arm statute. Ill. Rev.Stat. ch. 110, ¶ 2–209 (Supp.1991). The

Illinois long-arm statute is measured by federal constitutional standards. *Sidley & Austin v. Hill,* 763 F.Supp. 366, 368 n. 3 (N.D.Ill.1991); *Publications Int'l,* 763 F.Supp. at 311. More specifically, the statute's parameters are contiguous to the due process "minimum contacts" standard. *FMC Corp. v. Varonos,* 892 F.2d 1308, 1310 n. 5 (7th Cir.1990); *Publications Int'l,* 763 F.Supp. at 311. Thus, the persons over whom personal jurisdiction is sought—Zarbo and Frazier—must "have certain minimum contacts" with Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (The "constitutional touchstone" is "whether the defendant purposefully established 'minimum contacts' in the forum State."); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).

■ It is "foreseeability," and not physical presence, that is critical; the due process analysis entails a determination of whether Zarbo and Frazier's "conduct and connection with the forum State are such that [they] should reasonably anticipate being hauled into court there." *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567; *see also Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 283 (7th Cir. 1990). Contacts with Illinois that are "random" or merely "fortuitous" will not be sufficient to "establish that exercise of [Illinois'] jurisdiction was foreseeable." *Heritage House Restaurants,* 906 F.2d at 283 (citation omitted). In other words, the minimum contacts requirement is satisfied if there is "'some act by which [Zarbo and Frazier] purposefully avail[ed] [themselves] of the privilege of conducting activities within [Illinois].'" *FMC Corp.,* 892 F.2d at 1313 (quoting *Jacobs/Kahan & Co. v. Marsh,* 740 F.2d 587, 592 (7th Cir.1984)).

■ Resolving all factual disputes in favor of Hrubec, we conclude that both Zarbo and Frazier did purposefully avail themselves of an employment relationship whereby they were called upon to conduct business activities in Illinois. Hrubec contends that he observed both Zarbo and Frazier performing their duties during business hours at the Amtrak police offices at Union Station in Chicago, Illinois on at least three occasions each. Affidavit of Ronald Hrubec ¶ 8, at 3. During Hrubec's latest encounter in Chicago, he saw Frazier driving an Amtrak vehicle. *Id.* On two of the three occasions that Zarbo was working in Chicago, she interviewed Hrubec in connection with investigations that she had personally conducted in Chicago. *Id.* The obvious conclusion to be drawn from Hrubec's allegations is that both Zarbo and Frazier were present, and have undertaken employment related activities, in Illinois. These affirmative acts made it reasonably foreseeable that both Zarbo and Frazier could be subject to the jurisdiction of an Illinois court. Accordingly, Zarbo and Frazier's motion to dismiss for lack of personal jurisdiction is denied.

## IV. Count I

■ In Count I of their complaint, plaintiffs allege that the defendants obtained the federal income tax returns of Ronald and Nijole Hrubec in violation of 26 U.S.C. § 7431(a)(2). Section 7431(a)(2) establishes a private cause of action for damages against any person who "knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103." 26 U.S.C. § 7431(a)(2) (1989). In addition, § 7431(b) states that "[n]o liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103." *Id.* § 7431(b). Thus, in order to state a cause of action under § 7431, plaintiffs must plead facts sufficient to establish (1) a "disclosure" of return information in violation of Section 6103, and (2) bad faith on the part of the defendants. *Davidson v. Brady,* 732 F.2d 552, 553 (6th Cir.1984) (holding

bad faith an element of the cause of action, and not an affirmative defense). Defendants argue that the complaint fails to allege facts sufficient to state a cause of action under § 7431. We agree.

■ Plaintiffs' complaint is devoid of any facts indicating that any defendant disclosed the Hrubecs' tax returns "to any person in any manner whatever." *Johnson v. Sawyer*, 640 F.Supp. 1126, 1133 (S.D.Tex.1986) (defining the term "disclosure" in the context of the civil liability provision). Instead, the complaint merely alleges that "[d]efendants ZARBO, FRAZIER, HIGDON, and JOHN DOE *obtained* the federal income tax returns of Plaintiffs RONALD HRUBEC and NIJOLE HRUBEC in violation of 26 U.S.C. 7431(2) [sic]." Complaint ¶ 13, at 3 (emphasis supplied). In an effort to salvage the pleading, plaintiffs point to the following language: "Because Defendants have gained access to the private information of Plaintiffs RONALD HRUBEC and NIJOLE HRUBEC, Plaintiffs have suffered harm and will suffer further and greater irreparable harm if the federal tax returns are *made public to a greater extent than they have been at present.*" *Id.* at ¶ 15 (emphasis supplied). This language however, is insufficient to survive the instant motion to dismiss. Contrary to plaintiffs' assertion, this language can be interpreted to imply only that the defendants possessed the tax returns, a far cry from an allegation that defendants disclosed the returns to some third party. Moreover, even if this court concluded that the above language does imply disclosure to a third party, plaintiffs have failed to allege any facts supporting this theory. The complaint does not state who disclosed the tax returns, to whom they were disclosed, or when such an act occurred. Accordingly, we dismiss Count I for failure to state a claim upon which relief may be granted.[1]

### V. Count II

■ Defendants argue that Count II of plaintiffs' complaint is time-barred under

§ 13–201 of the Illinois Code of Civil Procedure. Section 13–201 provides: "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." Ill.Rev.Stat. ch. 110, ¶ 13–201 (1984). Plaintiffs do not dispute that their cause of action for unreasonable intrusion upon the seclusion of another accrued on November 1, 1989—the date plaintiffs allege they first learned that defendants obtained certain adoption records. Nor do plaintiffs contest that their cause of action would be barred if the one-year statute of limitations applied to the privacy claim set forth in Count II. Rather, plaintiffs contend that § 13–201 only applies to those privacy torts which involve the publication of information (*i.e.*, public disclosure of private facts, publicity placing another in a false light, and the appropriation of another's name or likeness for commercial gain), and not to claims based on an unreasonable intrusion upon the seclusion of another. As such, plaintiffs assert that § 13–205 of the Illinois Code of Civil Procedure, which has a five-year limitations period and is applicable for "all civil actions not otherwise provided for," is the relevant statute of limitations as applied to the claim in Count II.

The only case cited by plaintiffs in support of their novel argument is *McDonald's Corp. v. Levine*, 108 Ill.App.3d 732, 64 Ill. Dec. 224, 439 N.E.2d 475 (2d Dist.1982). *McDonald's Corp.*, however, holds only that claims alleging violations of the Eavesdropping Act, Ill.Rev.Stat. ch. 38, ¶ 14–1 *et seq.*, were not governed by the one-year statute of limitations embodied in § 13–201. To the extent that an imaginative interpretation of the language of § 13–201 may suggest that the one-year limitation applies to the three privacy torts involving publication, and not to a claim for the unreasonable intrusion into the seclusion of another, we decline to read § 13–201 so narrowly. Indeed, § 13–201 has routinely been applied to claims of invasion of privacy based on the unreasonable intrusion into the se-

---

1. Because plaintiffs have failed to allege a "disclosure" on the part of the defendants, we need not consider the question of whether plaintiffs have adequately pleaded "bad faith."

clusion of another. *See, e.g., Juarez v. Ameritech Mobile Communications, Inc.,* 746 F.Supp. 798, 806 (N.D.Ill.1990) (applying § 13–201 to a claim of invasion of privacy based on sexual harassment). As § 13–201 is the appropriate statute of limitations, Count II is time-barred and is dismissed.[2]

### VI. Conclusion

For the reasons stated above, we deny Zarbo and Frazier's motion to dismiss for lack of personal jurisdiction. Count I of plaintiffs' complaint fails to allege facts sufficient to state a cause of action under 26 U.S.C. § 7431, and it is dismissed. Count II, governed by the one-year limitation period of § 13–201 of the Illinois Code of Civil Procedure, is time-barred. Accordingly, Count II is also dismissed. It is so ordered.

---

**2.** In any event, dismissal of the supplemental state-law claim for invasion of privacy is warranted, following dismissal of plaintiffs' sole federal claim. *See Simkunas v. Tardi,* 930 F.2d 1287 (7th Cir.1991); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.,* 757 F.Supp. 1499 (N.D.Ill.1990).