Ronald HRUBEC, et al., Plaintiffs–
Appellants,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, et al., Defendants–
Appellees.

No. 91–3833.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 12, 1992.

Decided Dec. 14, 1992.

Edward A. Voci, Chicago, IL, argued for plaintiffs-appellants.

C. Roy Peterson and Nancy Shaw (argued), Lord, Bissell & Brook, Chicago, IL, for defendants-appellees.

Before FLAUM and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Section 7431(a)(2) of the Internal Revenue Code provides that if anyone who is not an employee of the United States "knowingly, or by reason of negligence, discloses any [tax] return or return information ... in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States." 26 U.S.C. § 7431(a)(2). Ronald Hrubec and his wife have filed such an action. They allege that four persons "obtained [their joint] federal income tax returns ... in violation of" this statute; they seek damages from them (and their employer) plus an injunction against further distribution.

The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted. 778 F.Supp. 1431, 1434–35 (N.D.Ill.1991). As the district court saw things, the complaint had two fatal flaws. First, it did not allege that any of the defendants had *disclosed* Hrubec's returns; it alleged only that they had *obtained* his returns. Second, the complaint did not "plead facts sufficient to establish ... bad faith on the part of the defendants." *Id.* at 1434. Section 7431(b) specifies that "[n]o liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103." The court relied on *Davidson v. Brady*, 732 F.2d 552 (6th Cir. 1984), which held that this text requires the plaintiff to plead and prove that the defendants acted in "bad faith."

Hrubec insisted in the district court that he was indeed alleging disclosure, and he pointed to a paragraph of the complaint. The district judge replied: "Contrary to plaintiffs' assertion, this language can be interpreted to imply only that the defendants possessed the tax returns, a far cry from an allegation that defendants disclosed the returns to some third party." 778 F.Supp. at 1435. Whether language in a complaint "can be interpreted" as deficient is immaterial. Unlike insurance contracts, complaints are construed favorably to their drafters. *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir.1990). Rule 8 establishes a system of notice pleading. A complaint need not narrate all relevant facts or recite the law; all it has to do is set out a claim for relief. *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir.1992); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986). Over and over, appellate courts insist that a complaint not be dismissed unless no relief may be granted "under any set of facts that could be proved *consistent* with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (emphasis added); see also, e.g., *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). We agree with the district court's conclusion that possessing tax returns does not violate § 7431(a)(2) even if someone earlier in the chain of possession violated § 6103. Still, proof that one or more of the defendants disseminated one of Hrubec's tax returns (if only to another of the defendants) would be entirely consistent with the allegation that all of the defendants possess these returns, and dissemination may well violate § 7431(a)(2).

A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a

brief on appeal. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. Oct. 13, 1992); *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir.1985). In response to defendants' motion to dismiss, Hrubec filed an affidavit stating that copies of his tax returns for 1986 and 1988 had been sent to the Railroad Retirement Board, and that an employee of the Board "told me that my IRS documents had been sent to the Board's Chicago office by ROBIN ZARBO." Zarbo is a defendant. The affidavit also stated that, although Hrubec had authorized his employer to obtain his tax records for 1987, someone had submitted to the IRS two altered forms in order to obtain returns for 1986, 1987, and 1988. Hrubec cannot tell who did this, but it is possible that discovery will link the deed to Zarbo or one of the other defendants. This affidavit, which the district court did not mention, is more than enough to defeat a motion under Rule 12(b)(6). It alleges a concrete disclosure—and alteration of forms demonstrates whatever "bad faith" may be required.

Whether "bad faith" plays any role at all is a question we need not answer. Section 7431(a)(2) makes it wrongful to disclose tax returns "knowingly or negligently". The district court did not attempt to reconcile its "bad faith" standard with the language of § 7431(a)(2). Instead it relied on § 7431(b). Yet this subsection addresses a situation—"a good faith, but erroneous, interpretation of section 6103"—that will be irrelevant in many cases. Until the defendants signify that they relied on some interpretation of § 6103, the issue does not arise. What would the district court have the plaintiff plead? That the defendants did not rely on § 6103? That they did rely, but not in good faith? Until discovery, how would a plaintiff tell? Whoever bears the burden of persuasion on good faith, the defendants are the logical parties to introduce the issue, and they have not done so in this case. (Of course, they have yet to answer the complaint.)

*Davidson* holds that because "[g]ood faith immunity is certain to be at issue in most cases brought under section [7431], and this issue will be decisive in many cases", the plaintiff must plead the defendants' bad faith. The sixth circuit did not mention the statutory text, which makes negligent disclosure actionable. It did not explain why § 7431(b) is "certain to be at issue in most cases". And it did not discuss *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), which holds that questions of immunity in civil rights cases are defenses that the plaintiff may disregard until the defendants raise them. The Court explained that a complaint need allege only the elements of the claim for relief; allegations pertinent to defenses and immunities belong in the answer and later filings. Cf. *Elliott v. Thomas*, 937 F.2d 338, 344–45 (7th Cir. 1991). *Gomez* relies on established principles of pleading that reach beyond 42 U.S.C. § 1983.

Because Hrubec's affidavit alleges the alteration of two request forms and the dissemination of tax returns obtained by this deceit—something that no interpretation of § 6103 could countenance—it would be gratuitous to create an explicit conflict among the circuits. But unless there is some argument in support of the "bad faith" requirement that we do not now perceive, we are not apt to follow *Davidson* when the occasion arises.

Plaintiffs do not contest the portion of the judgment dismissing their claims under state law. To the extent appealed from, the judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

FLAUM, Circuit Judge, concurring.

I concur in the judgment. Making all reasonable inferences for the plaintiff, as the district court and we must do at this stage, the complaint states a claim under 26 U.S.C. § 7431(a)(2). The allegation of obtaining the returns "in violation of" the statute, combined with the allegations of the individual defendants pursuing an agreed "course of action" which they concealed from the plaintiffs, of "someone" forging Hrubec's signature, and of "fur-

ther ... harm if the ... returns are made public to a greater extent than they [already] have been," creates a reasonable inference of disclosure by one or more of the defendants.

Even if no such inference could have been drawn from the complaint as originally worded, the plaintiffs should have been allowed to amend the complaint, as they requested leave to do in their response to the motion to dismiss. The supporting affidavit made it clear that the plaintiffs were ready to allege disclosure by defendant Zarbo. The plaintiffs had filed only one complaint and only four months earlier. This is not a situation of multiple deficient filings. District courts should be cautious not to dismiss cases on the basis of a strict reading of an original complaint.

Of course, the plaintiffs could have avoided this dismissal and appeal in the first place by simply alleging disclosure in so many words. They also could have filed an amended complaint instead of a response to the motion to dismiss. Their reluctance, expressed at argument, based on uncertainty about which defendant disclosed the returns to the others or forged the signature misses the point. The complaint could simply have alleged disclosure by "one of the named defendants;" there is no 9(b) particularity requirement for this complaint. Discovery is the common and proper vehicle for gathering specific information in support of the allegations of a complaint.

Because the district court did not base its holding on bad faith, we have no need to review the issue. This is especially true because the plaintiffs are ready to allege acts which undoubtedly show bad faith, as the majority recognized in its discussion dealing with *Davidson*. Therefore, I believe we should await an appropriate case before addressing the issue, instead of reflecting on the likely outcome in this circuit.