Doris F. BAILEY, Plaintiff,

v.

POLICY MANAGEMENT SYSTEMS CORPORATION ("PMSC"), PMSC in its Capacity as Sponsor, Administrator and Fiduciary of the PMSC Employee Benefit Plans, Elizabeth Haney, in Her Capacity as Administrator of the PMSC Employee Profit Sharing and Trust Plan and Diane Cheeks, in her Capacity as Administrator of the PMSC Group Health Insurance Program, Defendants.

No. 92 C 5637.

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1992.

Barbara Levine Holcomb and Patricia J. Hill, Holcomb & Holcomb, Chicago, IL, for plaintiff.

Stanley Bert Eisenhammer and Alice Moekle Ralph, Hodges, Loizzi, Eisenhammer, Rodick & Kohn, Arlington Heights, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Doris F. Bailey brings this four-count complaint against Policy Management Systems Corporation ("PMS"), PMS in its capacity as sponsor, administrator and fiduciary of the PMS Employee Benefits Plan, Elizabeth Haney, in her capacity as administrator of the PMS Employee Profit Sharing and Trust Plan and Diane Cheeks, in her capacity as administrator of the PMS Group Health Insurance Program, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* Defendants now move to dismiss Count IV of Bailey's complaint and, for the reasons set forth below, the motion is denied.

### I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.E.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff."

### II. Background

Since approximately 1983, Bailey had been employed as a business writer by PMS, an "employer" within the meaning of 29 U.S.C. § 1003(a). Bailey's employment with PMS came to an abrupt halt on August 24, 1990. Inflicted with various medical conditions including diabetes and heart disease, prior to her termination, Bailey had submitted claims for payment of medical expenses under the PMS Health Plan. For instance, Bailey estimates that in 1988, such claims exceeded $40,000. Bailey maintains that immediately before her termination, PMS underwent an insurance rate review and, as a result, determined that Bailey's participation in the Health Plan was too costly for the company. Accordingly, Bailey claims that PMS fired her without good cause in order to prevent her from participating in the Health Plan and other related plans, thus violating the relevant provisions of ERISA (Count I). Additionally, as all or a substantial part of her duties following her termination were performed by younger employees, Bailey (who was 59 years of age at the time of her termination) contends that PMS intentionally and willfully discriminated against her on the basis of age, in violation of the ADEA (Count II).[1]

In July of 1991, Bailey sought renewed employment with PMS as a Quality Assurance Analyst. On July 17, 1991, upon demand, PMS refused to interview Bailey for that position. Bailey received a letter dated July 18, 1991, wherein PMS repeated its refusal, writing "[i]t is our intention to interview you for a Quality Assurance Analyst position in good faith, not under duress. You stated you have no intention of dropping your complaint." Based on this letter, Bailey contends that PMS retaliated against her because she had filed an age discrimination charge with the Illinois Department of Human Rights and the EEOC, thus violating

1. Prior to bringing her ADEA claim to this court, on February 14, 1991, Bailey filed a charge against PMS alleging unlawful age discrimination with both the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC").

the ADEA (Count III).[2] In addition, Bailey alleges that PMS's refusal to interview her until she dropped her age discrimination charge was done to further prevent Bailey from participating in the company Health Plan and other related plans (Count IV).

### III. Discussion

■ The gravamen of defendants' motion to dismiss is that the allegations of retaliation in Count IV of Bailey's complaint are based solely on the ADEA. Count IV, labelled "Retaliation in Violation of ERISA and Jury Demand," states in part: "Defendant PMS's action of refusing to consider Plaintiff Bailey for a position *until she dropped her complaint* was done to prevent Plaintiff from participating in the Health Plan and the 401K Plan to which she would have been entitled as part of her employment." Complaint ¶ 36, at 10 (emphasis supplied). At the time PMS refused to rehire Bailey as a Quality Assurance Analyst, the only "complaint" initiated by Bailey was the filing of an age discrimination claim with the Illinois Department of Human Rights and the EEOC on February 14, 1991. To be sure, Bailey did not raise a claim under ERISA until August 21, 1992, the date she filed her complaint in this court.

Section 1140 of ERISA makes it unlawful for any person to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which [s]he is entitled under the provisions of an employee benefit plan...." 29 U.S.C. § 1140 (1985). There can be no doubt that if PMS fired Bailey because she sued for benefits under ERISA, PMS has violated § 1140. *See Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 825 (7th Cir. 1984). Nonetheless, the allegations of Bailey's complaint reveal that she did not sue for ERISA benefits prior to PMS's decision not to rehire her as a Quality Assurance Analyst. Accordingly, in that Bailey's theory of retaliation as detailed in Count IV is belied by the facts set forth in her complaint, it would appear that dismissal is warranted.

However, in her response to defendants' motion to dismiss, Bailey has articulated a new theory of retaliation. According to Bailey, the exercise of her rights under ERISA came in 1988 when she submitted approximately $40,000 in claims to the Health Plan. As a result of exercising these rights, not only was she terminated (Count I), but she was denied an interview for future employment (Count IV). This theory of retaliation is supported by the facts as alleged in Bailey's complaint and does state a claim under § 1140 of ERISA. Thus, the following question emerges: Does it matter that Bailey did not rely upon this theory of retaliation in her complaint, instead articulating it as an after-the-fact attempt to avoid dismissal?

■ Our system of notice pleading is interpreted liberally within the Seventh Circuit. No longer are we confined to the "four corners" of the complaint on a motion to dismiss, as contemplated under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b) (if matters outside the pleading are presented on a motion to dismiss, those outside matters shall either be excluded from consideration or the motion converted to one for summary judgment). Instead, "[a] plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal." *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir.1992) (factual allegations regarding an essential element of a cause of action omitted from the complaint but provided by affidavit in response to a motion to dismiss sufficient to defeat the motion). To the extent that a plaintiff can defeat a motion to dismiss by affidavit after failing to include in her complaint any facts regarding an essential element of a cause of action, certainly a plaintiff can switch her theory of retaliation in a responsive brief when such theory is supported by the facts as alleged in her complaint. Accordingly, we deny defendants' motion to dismiss.

### IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss Bailey's complaint

---

2. Prior to proceeding in this court, on August 14, 1991, Bailey filed her claim of unlawful retaliation with the Illinois Department of Human Rights and had it cross-filed with the EEOC pursuant to 29 U.S.C. § 626(d).

for failure to state a claim is denied. It is so ordered.