1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Curtis L. PRIDE, Sr., Plaintiff-Appellant,
v.
Richard HOLDEN, et al., Defendants-Appellees.
 No. 92-2620.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Curtis L. Pride, a state prisoner, brought this pro se civil rights action pursuant to 42 U.S.C. Sec. 1983 against several officials at the Illinois River Correctional Center, seeking both declaratory relief and compensatory and punitive damages from each defendant individually and in their official capacities. After reviewing the allegations in Pride's second amended complaint, the district court dismissed the action for failure to state a claim upon which relief can be granted.[1] Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 2
 We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded factual allegations together with all reasonable inferences drawn from those allegations and resolve all ambiguities in favor of the plaintiff. Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir.1992); Caldwell v. City of Elmwood, 959 F.2d 670, 671 (7th Cir.1992). Because a plaintiff need not plead all of the essential facts in the complaint, however, we must also consider factual allegations consistent with the complaint that were added by affidavit, attached exhibits, or subsequent briefs. Hrubec v. National Ry. Passenger Corp., 981 F.2d 962, 963 (7th Cir.1992); Doe v. First Nat'l Bank of Chicago, 865 F.2d 864, 873 (7th Cir.1989). Accordingly, dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).
 
 
 3
 Initially, we note that the Eleventh Amendment precludes Pride from suing the defendants in their official capacities for monetary relief. Kentucky v. Graham, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 (1985). After properly dismissing plaintiff's claim for money damages against the defendants in their official capacities, the district court went on to consider whether plaintiff's complaint stated a claim entitling him to relief from defendants in their individual capacities. See Hafer v. Melo, 112 S.Ct. 358, 362-65 (1991) (state officials may be personally liable for actions taken their official capacity).
 
 
 4
 Liberally construing Pride's pro se complaint, Haines v. Kerner, 404 U.S. 519 (1972), we interpret his claim as alleging that the defendants violated his constitutional rights by intimidating, harassing, and retaliating against him for assisting other inmates with legal matters. In response to defendant's motion to dismiss, Pride filed an affidavit alleging additional retaliatory conduct. Through prison administrative procedures, Pride voiced his complaint of the verbal harassment and threats made by defendant Holden. In addition, Pride, along with a fellow inmate law-clerk, filed a civil rights action alleging violations of their First, Eighth, and Fourteenth Amendments. Doc. # 4. The district court ordered the claims of the plaintiffs severed and allowed Pride to file an amended complaint. Doc. # 25. Subsequently, Pride was charged with sexual misconduct (having an intimate relationship with a female employee) and transferred to a maximum security facility, where he was placed in a unit housing "high aggression" inmates. Pride attempted to allege these additional charges in his amended complaint, but the court rejected them as "not pertaining to his original claims." August 19, 1991, Order, Doc. # 26. Although these actions became the subject of a separate lawsuit,[2] Pride argues that the disciplinary report and subsequent transfer were ultimately in retaliation for his assistance to other inmates.[3] Acknowledging plaintiff's other pending lawsuit, the district court construed the issues as distinct and thus, irrelevant to this case. June 19, 1992, Order at 4 n. 3.
 
 
 5
 Although additional factual allegations made by affidavit or brief--even a brief on appeal--may supplement the complaint, we are limited to considering only the issues raised in the complaint. Hrubec, 981 F.2d at 963-64; Early v. Bankers Life and Casualty Co., 959 F.2d 75, 79 (7th Cir.1992); Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 915 (7th Cir.1985). Through his affidavit and his briefs, Pride has attempted to outline a chronology of events from which to infer retaliation. Retaliation alleged in the amended complaint for assisting other inmates in his capacity as a prison law clerk, however, is a claim arguably different from retaliation for filing this lawsuit. Regardless of whether Pride has a constitutionally protected right to assist other inmates, independent of their right to meaningful access to the courts--a matter not clear from the case law--see Kunzelman v. Thompson, 799 F.2d 1172, 1178 n. 6 (7th Cir.1986); Bruise v. Hudkins, 584 F.2d 223, 230 (7th Cir.1978), cert. denied, 440 U.S. 916 (1979), the additional allegations are inconsistent with the scope of the complaint, and thus, even if proved, fail to set forth a chronology of events from which retaliation may be inferred. Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987); Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987) (to be actionable under Sec. 1983, retaliation must be against the exercise of a constitutionally protected right).
 
 A. Eighth & Fourteenth Amendments
 
 6
 Pride claims that verbal harassment and threats made by the defendants caused him to fear for his life in violation of the Eighth Amendment. Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under Sec. 1983. Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) (derogatory remarks do not constitute a constitutional violation); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir.1989); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir.1985). Moreover, a mere verbal threat only violates the Fourteenth Amendment if accompanied by physical force or the present ability to effectuate the threat. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir.1985). Because Pride failed to allege any actual injury, or that his fear of assault was realized, he is entitled to no relief.
 
 
 7
 We next address Pride's allegation that defendants Gilson and Harris were personally responsible for preventing or reporting the verbal harassment and thus, liable for participating in the alleged constitutional deprivation. To assert individual liability under Sec. 1983, a plaintiff must allege facts personally linking the defendants with the claimed constitutional misconduct. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986). Because verbal threats alone do not constitute a constitutional violation, however, the failure of defendants Gilson and Harris to intervene or to report the harassment does not state a claim under section 1983.[4] Accordingly, the district court's dismissal of defendants Gilson and Harris was proper.
 
 C. First Amendment
 
 8
 Plaintiff claims that the verbal criticism and threatened retaliation regarding his activities as an inmate law-clerk and his assistance to other inmates in preparation of legal documents violated his First Amendment rights of expression, of association,[5] and of access to courts. Having ruled that verbal harassment or criticism of plaintiff's activities as an inmate law-clerk is insufficient to state an Eighth Amendment violation, the district court found that plaintiff's alleged fear of retaliation did not hinder his right of access to courts. Order at 6.
 
 
 9
 To state a violation of the right of access to courts, a plaintiff must allege that his access to legal materials or assistance was substantially limited and that some detriment was suffered. Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992). Neither detriment or limitation in accessing legal materials is alleged, rather Pride claims only that he was inhibited from freely exercising his right of access to the courts out of fear of retaliation. Because he has not alleged a cognizable violation, his claim fails. The failure of mere verbal threats to substantiate a deprivation of the right of access to courts also extends to Pride's claim that fear of retaliation hindered his advocation on behalf of other inmates. Even assuming that such a claim states a cognizable First Amendment violation, Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1495 (1977) (right to receive assistance from other inmates is conditioned upon a showing that the prisoners had no alternative means of access to courts available); Johnson v. Avery, 393 U.S. 483, 490, 89 S.Ct. 744, 751 (1969), it fails on these facts.
 
 
 10
 On appeal, Pride does not challenge dismissal of the other claims raised in his complaint. He has therefore waived these issues for review. Brookins, 990 F.2d at 316; see also Hartz v. Friedman, 919 F.2d 469, 475 (7th Cir.1990) (appellate court has no obligation to construct legal arguments for an appellant and generally considers only those arguments made). Finding no error, the district court's dismissal, is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Pride misconstrues the district court's final judgment and continues to argue that the court erred in granting summary judgment in favor of the defendants. Appellant's Br. at 6, 15-16
 
 
 [2]
 The district court entered summary judgment for the defendants in that case (No. 91-1205). Plaintiff's request to proceed in forma pauperis on appeal was denied and the district court's judgment summarily affirmed. Pride v. Ahitow, et al., No. 92-2318 (7th Cir. April 26, 1993)
 
 
 [3]
 On appeal, Pride argues that the two actions are necessarily intertwined and should have been considered "in totality." Appellant's Br. 15. Pride's affidavit before the district court, however, infers that the actions should not be considered related: "I can further testify that, in the instant complaint, defendant's [sic] are attempting to 'intertwine complaint's [sic] 91-1205 and 91-1098' (see defendant's [sic] motion to dismiss Pg. 2)"
 Pride also argues that the court erred in dismissing his complaint without granting him leave to file an amended complaint. Id. Pride had already filed a second amended complaint, however, and failed to request leave to further amend his complaint. Having raised this argument for the first time on appeal, it is waived. See, e.g., Howland v. Kilquist, 833 F.2d 639, 645 (7th Cir.1987).
 
 
 [4]
 To the extent Pride's argument is based on the alleged violation of a department rule or of a state law, it does not present an actionable claim under Sec. 1983, which addresses only violations of federal law. See Olim v. Wakinekona, 461 U.S. 238, 248-51 (1983); Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1563 (1992)
 
 
 [5]
 Although alleged in his complaint, the district court construed the claim only as an alleged violation of the right of access to courts. By not raising it on appeal, Pride has abandoned the issue of whether the district court erred by not addressing whether his complaint failed to state a violation of his First Amendment rights of association or of freedom of expression. See Brookins v. Kolb, 990 F.2d 308, 316 (7th Cir.1993); Sere v. Board of Trustees of the Univ. of Ill., 852 F.2d 285, 289 (7th Cir.1988)