19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Claire ADDAMS, Plaintiff/Appellant,
v.
CITY OF CHICAGO, et al., Defendants/Appellees.
 No. 92-4036.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 15, 1993.
Decided March 2, 1994.
 
 Before CUDAHY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Claire Addams sued her employer, the City of Chicago, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., alleging that the City discriminated against her because of her age. The district court dismissed Addams' complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), holding that Addams failed to plead facts demonstrating that "she was subjected to adverse employment action." Addams appeals, and we reverse and remand.
 
 I. BACKGROUND
 A. Facts
 
 2
 We describe the facts as alleged in Addams' complaint. Since January of 1989, Addams was employed by the City of Chicago Department of Health as a Program Manager in the HIV Counseling, Testing, Referral and Partner Notification Program. At fifty-three, Addams was the oldest person employed in the HIV program. Addams alleges that in May 1990 her supervisor, Kathleen Sarbieski, began to discriminate against her. Numerous times, Sarbieski denied Addams' request for necessary audio-visual equipment. Similar requests were granted to younger employees. Addams was also subjected to comments and remarks about her age. For instance, an employee who was approximately 30 years old told Addams: "Old lady, I came here to take your job." Sarbieski herself told Addams that she was "old and did not understand young people." At approximately this same time, Sarbieski asked the Inspector General to search Addams' personal belongings for a firearm that Addams allegedly possessed at work. The search revealed nothing.
 
 
 3
 In June 1991, the City transferred Addams from the HIV program office in the Richard J. Daley Center to an office south of the Loop on Michigan Avenue. The transfer was purportedly part of the consolidation of two separate programs, yet Addams was the only Program Manager to be transferred. As a result of the transfer, Addams lost access to her support staff, including a secretary, a data entry person and a staff assistant. Addams' original job title and her responsibilities remained unchanged after the transfer, as did her compensation, although Addams was now required to perform additional ministerial and clerical duties. Addams alleges that the transfer constituted a "de facto demotion." She states that Sarbieski resented her due to her age and wished to cause Addams' discharge. She claims that the City transferred her on Sarbieski's recommendation and with full knowledge of Sarbieski's wrongful motive.
 
 
 4
 The City abandoned its consolidation program after approximately one year. Addams was the only employee transferred, and she remained at the Michigan Avenue location even after the consolidation effort had been abandoned. She never regained access to her support staff. Moreover, Addams maintains that, during the pendency of this appeal, the City again attempted to shift her to another position, this time requiring her to take a salary decrease and a different title. Addams "could no longer suffer under the intolerable working conditions imposed upon her" and she therefore resigned.
 
 B. District Court's Ruling
 
 5
 The district court dismissed Addams' complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The court noted that Addams relied upon the indirect, burden-shifting method of proving discrimination set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See also Oxman v. WLS-TV, 846 F.2d 448, 452 (7th Cir.1988). Under this method, the district court held that Addams could establish a prima facie case by showing that: (1) she is a member of the protected class (older than 40 years); (2) her job performance met her employer's legitimate expectations; (3) she was subjected to adverse employment action; and (4) others not in the protected class were treated more favorably. See Konowitz v. Schnadig Corp., 965 F.2d 230, 232 (7th Cir.1992); Oxman, 846 F.2d at 455.
 
 
 6
 The district court found that Addams adequately pled all elements except the third, adverse employment action. In the district court's view, Addams' allegations concerning her transfer and removal of support staff were insufficient to establish that the changes in her working conditions were materially adverse. The district court stated that a transfer with no change in wages or benefits must amount to a "constructive discharge" to be actionable as an adverse employment action. "Barring unusual circumstances ... a transfer at no loss of title, pay or benefits does not amount to a constructive discharge or adverse employment action." (Mem.Op. at 9) (quoting Darnell v. Campbell Co. Fiscal Court, 731 F.Supp. 1309, 1313 (E.D.Ky.1990), aff'd, 924 F.2d 1057 (6th Cir.1991) (unpublished)). The court held that "Addams' subjective evaluation of her altered working conditions as a demotion, without other evidence of adverse consequences resulting from the transfer, was insufficient to support an ADEA claim. See Darnell, 731 F.Supp. at 1313 (ruling that "subjective considerations are insufficient" to show a transfer amounting to a constructive discharge or adverse employment action).
 
 C. Standard of Review
 
 7
 We review a district court's dismissal of a complaint for failure to state a claim de novo. DeSalle v. Wright, 969 F.2d 273, 274 (7th Cir.1992). All facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, are viewed in the light most favorable to the plaintiff. Caldwell v. City of Elwood, Ind., 959 F.2d 670, 671 (7th Cir.1992). A complaint should not be dismissed unless relief may not be granted "under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).
 
 II. ANALYSIS
 
 8
 Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this notice pleading rule, "a complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Redfield v. Continental Casualty, Corp., 818 F.2d 596, 605-06 (7th Cir.1987) (citing Hishon, 467 U.S. at 73 (1984)) (emphasis added). The Supreme Court recently reiterated that a federal court cannot "apply a heightened pleading standard--more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160 (1993) (municipal liability under 42 U.S.C. Sec. 1983). Instead, Rule 8(a) must be interpreted to mean what it says:
 
 
 9
 "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."
 
 
 10
 Leatherman, 113 S.Ct. at 1163 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (footnote omitted)). An "intricately detailed description of the asserted basis for relief" is not required. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984). The district court concluded that "Addams' subjective evaluation of her altered working conditions as a demotion, without other evidence of adverse consequences resulting from the transfer" was insufficient. (Mem.Op. at 10) However, under federal notice pleading rules, recently reinforced by Leatherman, we believe that Addams' allegations were sufficient to survive dismissal.
 
 
 11
 The ADEA provides relief to anyone between age forty and seventy who has "suffered a materially adverse change in the terms or conditions of her employment because of her employer's [age-related] discriminatory conduct." Spring v. Sheboygan Area School Dist., 865 F.2d 883, 885 (7th Cir.1989). In pleading the third element, Addams provided minimal specificity, alleging only that the City transferred her to another office and removed her support staff. (p 21, 25) She contends that the transfer resulted in a "de facto demotion," (p 27) and thus, an "adverse employment impact" because she was required to perform clerical and ministerial functions in addition to her pre-existing responsibilities. Also, because other Program Managers were not similarly transferred and were permitted to retain their support staff, Addams alleges that her transfer deprived her of employment opportunities available to other Program Directors and otherwise adversely affected her status as an employee.
 
 
 12
 The central allegations in the complaint are admittedly conclusory, yet we think Addams has alleged sufficient facts to support these allegations to prevent dismissal of her complaint at this early stage. "The function of the complaint under the federal rules is to notify the defendant of the plaintiff's claim rather than to detail the evidence which if true would show that the plaintiff ought to win his case." Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 915 (7th Cir.1985). Addams' complaint succeeds in notifying the City as to the nature of her claims.
 
 
 13
 In dismissing her complaint, however, the district court compared Addams' allegations to the facts of other lateral transfer cases brought under the ADEA.[1] The district court looked to Addams' complaint for evidence supporting her allegation of an adverse employment action. For instance, the district court states that unlike in Collins, where the transfer involved "a completely different job doing reference work rather than consulting work and to a location like that typically occupied by a receptionist instead of a private office with a private telephone," 830 F.2d at 704, Addams' transfer "involved merely a change in location accompanied by work conditions altered by the substitution of supervisory duties with some clerical and ministerial duties." (Mem.Opinion at 10). This minimizes the effect of Addams' allegations. She maintains that the transfer deprived her of her support staff, constituted a de facto demotion and hindered her true employment opportunities. On the basis of these allegations, we cannot say that, after discovery, Addams could prove no set of facts that would entitle her to relief.
 
 
 14
 In Orthmann, this court found that a brief complaint, which did not plead facts evidencing the plaintiff's theory of liability withstood a Rule 12(b)(6) motion. 757 F.2d at 915. In that case, the plaintiff, who was rendered a quadriplegic when he dove into the Apple River during a float trip, brought suit against the organizer of the excursion. The district court dismissed his complaint, stating that the plaintiff had not "attempted ... to suggest in his pleading that such control of the diving site was, indeed, exercised by the defendants." We reversed, stating that notice pleading did not require the plaintiff to provide evidence that the defendant in fact exercised control over the river bank from which the plaintiff dove. The plaintiff's allegation that the defendants controlled "safety on the river, and other activities and conditions incident to the use of the Apple River ... for purposes of innertubing," was sufficient to allege the required element of control. Id. at 915.
 
 
 15
 The plaintiff's allegation in Orthmann, that the defendant "controlled safety on the river," is no more "conclusory" than Addams' allegation of a de facto demotion. It is clear that a professional like Addams--who has lost the support of a secretary, a staff assistant and data entry personnel and who must take over these tasks in addition to her professional duties--could prove a set of facts consistent with her allegation that she has been adversely affected. We therefore reverse the dismissal of her case and remand to the district court.[2]
 
 
 16
 The district court required that Addams' transfer be tantamount to a constructive discharge before it would be considered an adverse employment action. We need not decide that question in order to conclude that Addams' complaint survives the City's motion to dismiss. The constructive discharge requirement generally has been applied in cases of a lateral transfer. Here, however, Addams has alleged that the transfer amounted to a de facto demotion, and we are not prepared to question that allegation without the benefit of discovery that would disclose the true nature of the transfer. It is possible that the constructive discharge issue will reappear at summary judgment, but then the district court will have at its disposal a record that more fully develops the nature of the transfer. We express no opinion, at this point, on whether action tantamount to a constructive discharge would be required in these circumstances.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 See Spring v. Sheboygan Area School Dist., 865 F.2d 883, 885 (7th Cir.1989) (finding no adverse action where employee, a school principal, was reassigned to a dual-principal position despite increase in administrative work level and travel time, and perception of public humiliation); McCoy v. WGN Television, 758 F.Supp. 1231, 1236 (N.D.Ill.1990), aff'd, 957 F.2d 368 (7th Cir.1992) (finding that employee failed to demonstrate that a restructuring of his job into two positions was materially adverse or a demotion when his benefits and pay remained the same); Darnell v. Campbell Co. Fiscal Court, 731 F.Supp. 1309, 1313 (E.D.Ky.1990) (finding that employee alleging that lateral transfer was a "sham" job failed to prove an adverse employment action because employee had failed to accept and try new position), aff'd, 924 F.2d 1057 (6th Cir.1991) (unpublished). Significantly, these three cases were decided on summary judgment rather than at the pleading stage
 Cf. Collins v. State of Illinois, 830 F.2d 692, 704 (7th Cir.1987) (finding racial discrimination where employee was laterally transferred from a library consultant position to a reference job and lost office, telephone, business cards and listing in professional publication).
 
 
 [2]
 In her appellate brief, Addams states that the City's transfer has forced her to do "demeaning" clerical duties normally relegated to support staff in addition to meeting the City's expectations of her position as a Program Director. Also in her reply brief, Addams states that her working conditions became "intolerable" and she resigned when the City attempted to shift her to another position with a decrease in salary and a different title. Although there is some authority in this circuit suggesting that resort to allegations other than in the complaint is permissible, see, e.g., Early v. Bankers Life and Cas. Co., 959 F.2d 75, 80 (7th Cir.1992); Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir.1992), these additional allegations would, at the very least, provide additional ammunition in an amended complaint