**David E. BOWERS, Sr.,**
**Plaintiff–Appellant,**

v.

**MILWAUKEE COUNTY JAIL MEDICAL STAFF, Defendant–Appellee.**

No. 02–1259.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Nov. 25, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Inmate David Elijah Bowers, Sr., filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the medical staff at the Milwaukee County Jail "unlawfully and against medical practice" administered another inmate's prescribed medication to him over a prolonged period of time. Because § 1983 requires a constitutional violation, the district court characterized Bowers's complaint as arising under the Eighth Amendment's prohibition against cruel and unusual punishment and granted Bowers leave to amend his complaint to include allegations of deliberate indifference. After reviewing Bower's amended complaints (Bowers filed two, and the court effectively construed both as supplements to the original complaint), the district court dismissed the action under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Because in our review we conclude that various documents submitted by Bowers became part of the district court's record and should be considered along with the Bowers's complaint, we vacate the judgment and remand for further proceedings.

Bowers currently is an inmate at Waupun Correctional Institution, but the actions giving rise to his complaint occurred while he was incarcerated at the Milwaukee County Jail. According to his complaints, Bowers takes prescribed medications for diabetes and high blood pres-

---

* After an examination of the Appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

sure, but he alleges—and medical records submitted by Bowers appear to confirm—that the medical staff at the jail also administered Dilantin, an anti-seizure drug, and Paxil, an antidepressant, without a prescription. The Dilantin and Paxil were intended for inmate David A. Bowers, and when appellant Bowers first became aware of the mixup in January of 2000, he embarked on a persistent effort, as detailed in letters written by Bowers and addressed to Milwaukee County jail medical staff nurses and the district court, to convince the jail staff that he was receiving drugs prescribed for a different inmate. According to these letters, the medical staff investigated his complaints and determined that he was right about the mixup, and yet the medical staff continued to give him the Dilantin and Paxil as a consequence of not verifying his inmate identification number before dispensing the drugs. Bowers also says that at times he was "tricked" into taking the other inmate's medication, but by this he apparently means that he did not recognize immediately that he was receiving unprescribed drugs and thought instead that the medical staff had changed his diabetes or blood pressure medications.

Bowers's allegations are at times inconsistent—he alleges at one point that the medical staff administered Dilantin and Paxil three times a day for ten months, but elsewhere he asserts that he was given the drugs just twenty-two times—and a psychiatrist's report included in the district court record dated after Bowers was moved from the county jail into state custody indicates that he takes Dilantin and suffers from a seizure disorder, which Bowers denies. But what cannot be disputed is that dental records from the state prison system, which Bowers submitted to the district court, document that Bowers was "mistakenly on Dilantin" and as a direct result suffered from hyperplasia, a side effect that results in bone loss around the teeth. In Bowers's case, the bone loss was moderate to severe, and he lost twelve teeth. Bowers also alleges that he was fatigued, and that prison doctors have told him that the unprescribed drugs have caused him to develop a heart condition.

We review *de novo* dismissals under § 1915A for failure to state a claim, accepting as true the plaintiff's factual allegations and drawing all inferences in the plaintiff's favor. *Wynn v. Southward,* 251 F.3d 588, 591 (7th Cir.2001). Further, we liberally construe *pro se* complaints, *id.* at 592, and we may consider documents submitted by Bowers to the district court. *Help at Home, Inc. v. Med. Capital, L.L.C.,* 260 F.3d 748, 752–53 (7th Cir.2001) (" 'A plaintiff need not put all of the essential facts in the complaint'; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." (quoting *Hrubec v. Nat'l R.R. Passenger Corp.,* 981 F.2d 962, 964–65 (7th Cir.1992))). Dismissal of Bowers's complaint for failure to state a claim was proper only if no relief is available under any conceivable set of facts consistent with his allegations. *Wynn,* 251 F.3d at 592.

The district court viewed this as an Eighth Amendment case, and to demonstrate cruel and unusual punishment, an inmate must initially prove an "objectively 'sufficiently serious' " deprivation of the " 'minimal civilized measures of life's necessities.' " *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citations omitted). If the deprivation alleged is a lack of adequate medical care, the inmate must prove that he suffered from a serious medical condition, i.e., one that, viewed objectively, is "sufficiently serious." *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997); *see also Wynn,*

251 F.3d at 593. If, however, the deprivation alleged is a failure to prevent future harm to a healthy individual, the inmate must prove that his future health was unreasonably jeopardized by a risk to which contemporary society would not expose any unwilling individual. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001). Under either theory, an inmate also must prove that prison officials acted with deliberate indifference. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 34. A prison official acts with deliberate indifference if he knew of a substantial risk of serious harm and acted or failed to act despite this knowledge. *Farmer*, 511 U.S. at 842; *Wynn*, 251 F.3d at 593. A defendant's knowledge of a substantial risk may be inferred from the obviousness of the risk. *Farmer*, 511 U.S. at 842.

The district court characterized Bowers's claim as one for inadequate medical treatment, and assumed without elaborating that he suffered from a serious medical condition. Diabetes is a serious medical condition, *see Egebergh v. Nicholson*, 272 F.3d 925, 928 (7th Cir.2001), though at first blush it might seem that the medical staff at the Milwaukee County Jail was properly treating Bowers's diabetes–the problem was not the failure to treat a condition that Bowers does have, but the use of drugs intended to treat maladies he does not have. But Bowers alleges that the Dilantin and Paxil interfered with his diabetes and high blood pressure medications, and in fact, Dilantin, apparently, has the potential to interfere with insulin release. Physicians' Desk Reference 2624 (Dilantin) (56th ed. 2002). So, it may be possible to rely on Bowers's diabetes as a serious medical condition. *Egebergh*, 272 F.3d at 928.

■ Regardless, though, the medical staff exposed Bowers to the risk of serious side effects by administering Dilantin and Paxil without medical justification. Dilantin can cause dizziness, insomnia, motor twitchings, headaches, and nausea; more serious risks include systemic lupus, lymphoma, and—as happened to Bowers—gingival hyperplasia. Physicians' Desk Reference at 2625. Paxil, too, has side effects, including nausea, dizziness, tremors, drowsiness, insomnia, anemia, hypertension, and diabetes. Physicians' Desk Reference at 1613–14 (Paxil). Unwitting ingestion of prescription drugs that are not medically indicated is not a risk inherent in prison life, nor one that the general population would willingly accept. *See McClure v. Walgreen Co.*, 613 N.W.2d 225, 230–31 (Iowa 2000) (punitive damages appropriate for pharmacist's "willful and wanton disregard for the rights and safety of another" when he filled a prescription with the incorrect medication); *Walter v. Wal–Mart Stores, Inc.*, 748 A.2d 961, 967–68 (Me. 2000) (pharmacist liable for filling prescription with incorrect chemotherapy drug); *Hundley v. Rite Aid of S.C., Inc.*, 339 S.C. 285, 529 S.E.2d 45, 59 (2000) (punitive damages appropriate for pharmacy's retention of pharmacist who incorrectly filled a prescription). Bowers thus alleges that the medical staff subjected him to an objectively serious risk to his future health. *Helling*, 509 U.S. at 36.

■ But to ultimately succeed on an Eighth Amendment claim, Bowers must of course establish deliberate indifference, and it is on this element that the district court found his complaint wanting. We conclude, however, that Bowers has adequately stated a claim for deliberate indifference even if his submissions to the district court were not wholly consistent. *Farmer*, 511 U.S. at 842. Bowers did not invoke "deliberate indifference" to label his

allegations, but in his two versions of the amended complaint and supplemental letters and documents, he did allege that medical staff members knew they were confusing him with the much-younger David A. Bowers, and yet continued to dispense drugs prescribed for the other inmate even after Bowers repeatedly alerted them to the situation. According to Bowers, the medical staff continued to dispense Dilantin and Paxil without verifying his inmate identification number against the prescriptions even after he complained that medications he was receiving were for another inmate. Further, Bowers alleges that the jail staff had other reasons to know that he was being confused with another inmate of the same name. Prison guards had once called for him when the wife of David A. Bowers came to visit, and prison officials also had permitted David A. Bowers to withdraw funds from his inmate account. Whether appellant Bowers can prove these allegations remains to be seen, but at this early stage, his complaint is sufficient to require an answer.

On remand we urge the district court to consider whether it is necessary to enlist the assistance of counsel for Bowers.

VACATED AND REMANDED.