Ronald HRUBEC, et al., Plaintiffs–
Appellants,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, et al., Defendants–
Appellees.

No. 94–1473.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 15, 1995.

Decided March 13, 1995.

Edward A. Voci, Chicago, IL (argued), for
plaintiffs-appellants.

C. Roy Peterson, David R. Schmidt, Nancy
Shaw (argued), Lord, Bissell & Brook, Chica-
go, IL, for defendants-appellees.

Before WOOD, Jr., FLAUM, and
EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Ronald Hrubec believes that employ-
ees of the National Railroad Passenger Cor-
poration ("Amtrak") altered documents re-
questing copies of his tax returns, obtained
his tax return for 1988 despite the absence of
his consent, and disseminated within Amtrak
the information they received. After extend-
ed proceedings, including an earlier appeal,
981 F.2d 962 (1992), the district court dis-
missed the complaint because the only law on
which Hrubec relies, 26 U.S.C. § 7431, does
not forbid the wrongful acquisition of tax
return information, or the disclosure of infor-
mation improperly come by. 1994 WL
27882, 1994 U.S.Dist. Lexis 829 (N.D.Ill.).
Other laws, such as 18 U.S.C. § 1001, forbid
making false statements to federal agencies,
but § 1001 defines a crime and Hrubec does
not contend that its violation is actionable
under state law. Hrubec abjures any claims
based on his right of privacy under state law,
and the district court thought that he had
nothing left.

Section 7431(a)(2) provides that "[i]f any
person who is not an officer or employee of
the United States knowingly, or by reason of
negligence, discloses any return or return
information with respect to a taxpayer in
violation of any provision of section 6103,"
the taxpayer is entitled to recover damages.
When does a disclosure violate § 6103?
When defendants acted, § 6103(a) provided:

Returns and return information shall be
confidential, and except as authorized by
this title—

(1) no officer or employee of the United
States,

(2) no officer or employee of any State,
any local child support enforcement
agency, or any local agency administer-

ing a program listed in subsection (*l*)(7)(D) who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (2) or (4)(b) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

Defendants do not come within subsections (1) and (2), because they are not employees of the United States, a state, or a child support enforcement agency. Amtrak is part of the national government for some purposes, *Lebron v. National Railroad Passenger Corp.*, —— U.S. ——, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995), but its workers are not "employees of the United States." See 45 U.S.C. § 541, declaring that Amtrak is not an "agency or establishment" of the federal government. Subsection (3), which governs the conduct of persons other than federal and state employees, addresses only those who had access to returns under three specific subsections, none remotely applicable. Subsection (e)(1)(D)(iii) deals with corporate shareholders whose ownership enables them to inspect corporate tax returns; subsection (m) deals with persons who extract from tax data the addresses of defaulting borrowers; subsection (n) covers persons who see returns in the course of their storage, transmission, or reproduction, or the programming and repair of the IRS's computers. It is reprehensible to get tax returns by deceit, and scalawags who do so face imprisonment under § 1001, but they do not have "access to returns or return information under subsection (e)(1)(D)(iii), paragraph (2) or (4)(b) of subsection (m), or subsection (n)".

Hrubec concedes that the defendants' acts do not fall within the three identified subsections. He relies on the phrase that begins § 6103(a): "Returns and return information shall be confidential". A popular sentiment, no doubt, but how does this help him? Section 7431 creates a civil remedy only against persons who act "in violation of any provision of section 6103", which specifies the extent to which the norm of confidentiality is legally enforceable. See *Church of Scientology v. IRS*, 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987). If Hrubec gives his returns to a friend who passes out copies at work, or to an accountant who relates juicy tidbits at a cocktail party, Hrubec may think himself ill used and may have remedies under state law, but neither the friend nor the accountant has violated § 6103. Congress set out to limit disclosure by persons who get tax returns in the course of public business—employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached. The statute does not forbid disclosure when information comes from other sources. Hrubec supposes that if a statute identifies an evil, such as the unauthorized disclosure of return information, then it necessarily condemns all manifestations of that evil. Not so. Many laws are compromises, going thus far and no further in pursuit of a goal. "[N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law." *Rodriguez v. United States*, 480 U.S. 522, 525–26, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987) (emphasis in original). See also *Board of Governors v. Dimension Financial Corp.*, 474 U.S. 361, 374, 106 S.Ct. 681, 689, 88 L.Ed.2d 691 (1986); *NAACP v. American Family Mutual Insurance Co.*, 978 F.2d 287, 294, 298 (7th Cir.1992); *In re Erickson*, 815 F.2d 1090, 1094 (7th Cir.1987).

■ Section 6103 tells us exactly how far Congress has gone toward preserving confidentiality. We could not stop with the first seven words of § 6103(a), as Hrubec wishes us to do, without discarding the profusion of detail that follows and in the process dishonoring the legislative process. The ban on disclosure appears in the last, dangling, un-

numbered portion of § 6103(a), not in the introductory phrase, and the ban is linked to the scope of identified subsections. A case such as this may suggest to Congress the wisdom of amending the statute-or it may suggest to litigants the wisdom of pursuing their remedies under state law rather than supposing that federal law is an elixir for every ill. For a court acting under existing law, the only question is whether a person who alters a taxpayer's request form, obtains return information to which he is not entitled, and disseminates what he learns, violates § 6103. The answer is no.

AFFIRMED.