### Ronald HRUBEC and Nijole Hrubec, Plaintiffs,

v.

### NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak; Robin Zarbo; Ernest R. Frazier; Michael Higdon; and John Doe, Defendants.

### No. 91 C 4447.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 17, 1995.

Edward Arthur Voci, Leadership Council, Chicago, IL, for plaintiffs.

Carl Roy Peterson, Nancy Shaw, Lord, Bissell & Brook, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Presently before the court is plaintiff Ronald Hrubec's motion to amend his complaint. Hrubec maintains that the Supreme Court's ruling in *Lebron v. National R.R. Passenger Corp.*, —— U.S. ——, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995), which was handed down after the most recent oral arguments before the Seventh Circuit but before that court ruled, has breathed new life into his twice-dismissed lawsuit.[1] Prior to *Lebron*, Hrubec was proceeding as if the Amtrak employees

---

1. We first dismissed Hrubec's complaint on November 14, 1991, rejecting his effort to amend the complaint in a brief in response to defendant's motion to dismiss. *Hrubec v. National RR Passenger Corp.*, 778 F.Supp. 1431 (N.D.Ill.1991). The Seventh Circuit reversed, *Hrubec v. National RR Passenger Corp.*, 981 F.2d 962 (7th Cir.1992), holding that a plaintiff may add "essential facts" to his complaint "by affidavit or brief—even a brief on appeal," *id.* at 962–64 in an apparent departure from the "basic principle" to the contrary. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989). We granted defendants' motion for judgment on the pleadings, dismissing the case a second time, on January 31, 1994. *Hrubec v. National RR Passenger Corp.*, No. 91 C 4447, 1994 WL 27882 (N.D.Ill. Jan. 31, 1994). The Seventh Circuit recently affirmed that ruling. *Hrubec v. National RR Passenger Corp.*, 49 F.3d 1269 (7th Cir.1995).

named in the suit were not federal employees; rather, he claimed that their actions violated 26 U.S.C. § 7431(a)(2), which relates to disclosure of tax returns or return information by "any person who is not an officer or employee of the United States." *See* 26 U.S.C. § 7431(a)(2).[2] In *Lebron*, however, the Supreme Court concluded that Amtrak is part of the federal government for First Amendment purposes. *Lebron*, — U.S. at — –—, 115 S.Ct. at 974–75. Because Amtrak is now considered part of the federal government, Hrubec reasons, Amtrak employees are employees of the United States. Accordingly, Hrubec now seeks to bring a claim against defendants under 26 U.S.C. §§ 6103(a)(1) & 7431(a)(1), which collectively prohibit disclosure of returns or return information by an officer or employee of the United States.[3]

The parties expend a great deal of effort debating whether we have jurisdiction to consider Hrubec's motion, in light of our entry of judgment on the pleadings against Hrubec and the Seventh Circuit's affirmance. We need not resolve the jurisdictional issue, however, because even if we had jurisdiction to consider Hrubec's motion, we would deny it on the merits. *See Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1316 (7th Cir.1995) (noting that a court may skip jurisdictional issues and proceed to consider the merits "when the former are difficult and the latter easy ..., provided there is no practical difference in the outcome"). In its most recent opinion in this case, the Seventh Circuit stated:

> Defendants do not come within subsections (1) and (2) [of 26 U.S.C. § 6103(a)], because they are not employees of the United States, a state, or a child support enforcement agency. Amtrak is part of the national government for some purposes, *Lebron v. National Railroad Passenger Corp.*, — U.S. —, 115 S.Ct. 961, 130

L.Ed.2d 902 (1995), but its workers are not "employees of the United States."

*Hrubec*, 49 F.3d at 1270. In other words, the Seventh Circuit has already removed the hook on which Hrubec wishes to hang his amended hat. Hrubec's only response is that the above passage is dicta. Dicta it may be, but it is powerful nonetheless. The statement is directly on point, and was made by the Seventh Circuit in this very case. We are not inclined to prolong these already overextended proceedings when the Seventh Circuit has rejected the theory under which Hrubec wishes to proceed. Because Hrubec's proposed amendment would be futile, we deny his motion for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (leave to amend pleading may be denied upon demonstration of futility of proposed amendment); *see also* Fed.R.Civ.P. 60(b) (limiting circumstances under which relief from judgment is appropriate). It is so ordered.

---

**2.** This effort proved unavailing, however, because § 7431(a) only provides a cause of action if the disclosure violates 26 U.S.C. § 6103. That section, in turn, only prohibits disclosure by a non-government employee if that person obtains the return or return information in one of a few enumerated ways, none of which are applicable

in Hrubec's case. *See* 26 U.S.C. § 6103(a)(3); *Hrubec*, 49 F.3d at 1270–71.

**3.** Unlike § 6103(a)(3), § 6103(a)(1) prohibits disclosure regardless of how the disclosing individual obtained the return or return information.