**Richard "Bo" DIETL, Plaintiff,**

v.

**MIRAGE RESORTS, INC., Thomas L. Sheer and Eugene Harding, Defendants.**

**No. CV–S–01–0904–RLH–(RJJ).**

United States District Court,
D. Nevada.

Jan. 11, 2002.

Scott Balber, Kelly & Balber LLP, New York City, Lawrence Davidson, Steven J. Parsons, Law Office Of City Center West, Las Vegas, NV, for Richard Bo Dietl.

Bruce Judd, Wright, Judd & Winckler, Richard Wright, Wright, Judd & Winckler, Las Vegas, NV, for Eugene Harding.

C. Hunterton, Hunterton & Associates, Las Vegas, NV, for Thomas L. Sheer.

## ORDER

HUNT, District Judge.

Before the Court is **Defendant Thomas L. Sheer's Motion to Dismiss** (# 12, filed October 17, 2001). Also before the Court is **Harding's Motion to Dismiss** (# 15, filed November 2, 2001) which includes a Joinder in Sheer's Memorandum of Points and Authorities. The motion brought by Sheer seeks dismissal of the action in its entirety, including, the Court presumes, as to all Defendants. Plaintiff Dietl's Opposition (# 16) refers only to Sheer's motion, but will be considered as an opposition to both motions, since the motions are identical. Harding's Reply (# 18) and Sheer's Reply (# 20) are also considered.

Defendant Sheer's motion includes (in the caption) a request for oral argument. If the Court anticipated ruling against Defendant Sheer, it would grant such a request. Because the Court finds the motions meritorious based upon the moving papers, it finds that oral argument is unnecessary.

Plaintiff has filed suit against the Defendants alleging a violation of 26 U.S.C. § 7431 based upon allegations that they surreptitiously conducted an investigation of Plaintiff for the purpose of determining the amount of casino credit to extend to him. Plaintiff further alleges that during the course of that investigation the Defendants improperly obtained tax return information from an IRS agent.

It is clear from the pleadings and the papers in support of and in opposition to the motions, that Plaintiff's claims are directed to the unlawful disclosure provisions of section 7431(a)(2) which provides as follows:

(1) **Disclosure by a person who is not an employee of United States.**—If any person who is not an officer or employee of the United States knowingly, or by

reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

Section 7431(a)(1) uses identical language, but only applies to officers or employees of the United States. Although Plaintiff alleges that the information was obtained from an IRS agent, the agent is neither named nor sued. Accordingly, the Defendants do not fall within the provisions of section 7431(a)(1).

Section 6103 [1] provides as follows:

(a) **General rule**-Returns and return information shall be confidential, and except as authorized by this title-

(1) no officer or employee of the United States,

(2) no officer or employee of any State, any local child support enforcement agency, or any local agency administering a program listed in subsection (1)(7)(D) who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (12), or (16) of subsection (1), paragraph (2) or (4)(B) of subsection (m), or subsection (n) shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the

provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

Defendants have filed these motions to dismiss arguing that a violation of section 6103 is a prerequisite to any claim under section 7431 and, because they do not fall into any of the categories enumerated in section 6103, they are not subject to suit under section 7431.

Plaintiff argues that the motions to dismiss are predicated on a tortured reading of section 7431(a)(2), and further, incorrectly, claims that Defendants claim that they cannot be liable because they are not federal employees. As to the last argument, Plaintiff is directed to read the motions more carefully. Defendants are not saying merely that they cannot be sued because they are not federal officers. They are saying that they do not come within any of the definitions of 6103 and, therefore, cannot be sued under section 7431. As to the first argument, it is Plaintiff who bases his arguments on a tortured reading of the statute. Plaintiff claims that the statutes stand for the proposition that any inspection or disclosure of tax return information not authorized by the Plaintiff is actionable under section 7431(a)(2). That is not the law, as his own brief in opposition acknowledges.

█  Even Plaintiff notes that to state a claim under section 7431(a)(2) and plaintiff "must allege (1) that the disclosure of his confidential tax return information was unauthorized; (2) that the disclosure was made knowingly or by reason of negligence; *and* (3) *that the disclosure was in violation of Section 6103.*" Opposition,

---

1. Plaintiff uses section number 6013 in the Complaint. However, that section number does not apply to the allegations of the Complaint. The moving Defendants assumed the error was typographical, since sec. 7431 refers to 6103. Plaintiff's reply does not challenge that assumption. Accordingly, the Court will make the same assumption.

page 2 (emphasis added). Plaintiff cannot ignore the application of section 6103. If it is not violated, Plaintiff has no claim under section 7431(a)(2).

Section 6103 prohibits three categories of persons from disclosing tax return information. The first category is officers and employees of the United States (6103(a)(1)). Defendants certainly do not fit within that category. The second category includes officers or employees of any state or local agencies administering certain programs (6103(a)(2)). Defendants do not fall within any of these categories.

The third category, set forth in 6103(a)(3), identifies persons who are described in other parts of 6103. This category includes: (1) persons owing 1% or more stock in a corporation who have access to the corporate return (6103(e)(1)(D)(iii)); (2) persons seeking to locate a taxpayer to collect a federal claim against the taxpayer (6103(m)(2)(A)); (3) consumer reporting agencies who are agents of the federal government (6103(m)(2)(B)); (4) educational institutions participating in the Higher Education Act (6103(m)(4)(B)); or (5) persons engaged in processing, storage, transmission or reproduction of return information and the maintenance of equipment used in tax administration (6103(n)). It is clear that none of the Defendants fall within any of these categories either.

If Defendants are not among those identified in the various categories of section 6103, their acts (assuming Plaintiff's allegations are true) do not constitute violations of 6103. Section 7431(a)(2) clearly limits civil actions to "such persons" described in section 6103 who violate 6103's provisions.

■ When the claims asserted in a complaint do not entitle a plaintiff to a legal remedy, or even authorize a lawsuit against the named defendants, a motion to dismiss, for failure to state a claim should be granted. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988); *Venetian Casino Resort, LLC v. Cortez,* 96 F.Supp.2d 1102, 1106 (D.Nev.2000); *Ungaro v. Desert Palace, Inc.,* 732 F.Supp. 1522, 1527 (D.Nev.1989) (motion to dismiss granted because plaintiff's IRC claims were not available against the defendants and because defendant's casino and its employees did not fall within the categories enumerated in section 6103(a)).

Although the facts are a little different, the Honorable Edward C. Reed held, in *Ungaro v. Desert Palace, Inc., supra,* that Caesar's (another Las Vegas casino) "is not covered by any of three categories of § 6103(a)." *Id.* Judge Reed dismissed that case for failure to state a claim by allegations that Caesar's illegally disclosed tax return information.

Contrary to Plaintiff's claim that sections 7431 and 6103 authorize actions against anyone who examines or distributes tax return information without authorization, the Ninth Circuit clearly declared in *Stokwitz v. U.S.,* 831 F.2d 893 (9th Cir.1987), that section 6103 was designed "to curtail loose disclosure practices by the IRS." *Id.* at 894. "That is as far as the statute goes. Contrary to appellant's contention there is no indication … that Congress intended to enact a general prohibition against public disclosure of tax information." *Id.* at 896.

Plaintiff's argument, that because he has alleged that Defendants obtained the information from an IRS agent and such allegations bring these Defendants within the statute, is without substance. The fact that Plaintiff may have a cause of action against the IRS agent does not give him a cause of action against these Defendants.

Allegations of conspiracy will not cure the defect.

In a case also involving the passing of information by an IRS representative to individuals not identified in section 6103, the United States District Court for the Eastern District of Louisiana found the Ninth Circuit's *Stokwitz* decision persuasive. It quoting extensively from that decision to find that a law firm and its attorneys, retained by FSLIC to represent it in litigation against a plaintiff, who obtained information from an IRS representative to assist in its litigation against the plaintiff, "did not fit into the class of people subject to the provisions against disclosure set forth in 26 U.S.C. 6103 ... [and were not therefore] subject to the provisions against whom an action can be brought under 26 U.S.C. 7431." *Crismar Corporation v. United States,* 1989 WL 98843 at *1 (E.D.La.1989) 71A A.F.T.R.2d 93–4961, 89–1USTC P 9534.

The Seventh Circuit has just recently joined in the chorus in the well-reasoned opinion of *Hrubec v. National Railroad Passenger Corporation,* 49 F.3d 1269 (7th Cir.1995). In *Hrubec,* the plaintiff complained that the defendant in that case had altered documents requesting copies of his tax returns and, upon receipt of them, disseminated them within the corporation. "The district court dismissed the complaint because the only law on which Hrubec relies, 29 U.S.C. § 7431, does not forbid the wrongful acquisition of tax return information, or the disclosure of information improperly come by." *Id.* at 1269. In affirming the district court's decision, the Circuit Court stated:

> Hrubec concedes that the defendants' acts do not fall within the three identified subsections. He relies on the phrase that begins § 6103(a): "Returns and return information shall be confidential". A popular sentiment no doubt, but how does this help him? Section

7431 creates a civil remedy only against persons who act "in violation of any provision of section 6103", which specifies the extent to which the norm of confidentiality is legally enforceable. *See Church of Scientology v. IRS,* 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987).... The statute does not forbid disclosure when information comes from other sources. Hrubec supposes that if a statute identifies an evil, such as the unauthorized disclosure of return information, then it necessarily condemns all manifestations of that evil. Not so. Many laws are compromises, going thus far and no further in pursuit of a goal. "No legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice-and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law." [Citations omitted].... A case such as this may suggest to Congress the wisdom of amending the statute-or it may suggest to litigants the wisdom of pursuing their remedies under state law *rather than supposing that federal law is an elixir for every ill. For a court acting under existing law, the only question is whether a person ... violates § 6103.*

*Hrubec,* 49 F.3d at 1270–71 (emphasis added).

Plaintiff's claims must rise or fall on sections 7431 and 6103. Accepting the truthfulness of his allegations for the purposes of this analysis, it is clear that Plaintiff has not and cannot state a claim against any Defendant named herein under these sections.

IT IS THEREFORE ORDERED that Defendant Thomas L. Sheer's Motion to

Dismiss (# 12) and Harding's Motion to Dismiss (# 15) are GRANTED.