**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12732

Non-Argument Calendar

————————————

ROBERT WINENGER,

Plaintiff-Appellant,

versus

APRIL MARTIN LOWRY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:22-cv-00135-SCJ

————————————

Before NEWSOM, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff Robert Winenger appeals the district court's dismissal of his complaint against defendant April Lowry, his ex-wife. The dispute arises out of $54,000 in joint tax deposits that were

made in 2013 while Winenger and Lowry were divorcing. According to Winenger, after the divorce, in 2014, Lowry forged his (Winenger's) signature to create a fraudulent power of attorney form, which she then used to persuade an Internal Revenue Service ("IRS") agent to transfer the $54,000 in joint tax deposits to her individual account. Winenger brought suit, alleging, among other claims, a violation of 26 U.S.C. § 7431(a)(2) for an unauthorized inspection of tax return information.

As the case unfolded, the other claims dropped out and the parties proceeded on Winenger's § 7431 claim alone. In August 2024, the district court dismissed Winenger's § 7431 claim on the basis that he also needed to allege a violation of 26 U.S.C. § 6103, and he had failed to do so. On appeal, Winenger seeks to reverse only the dismissal of his § 7431 claim because, he says, the district court misinterpreted the requirements of §§ 7431(a)(2) and 6103. After careful review, we affirm.

I.

The relevant background is this. Winenger and Lowry are former spouses who separated in June 2013 and divorced in September 2013. According to Winenger, in 2013 he made three estimated income tax payments to the IRS for the account associated with his social security number, totaling $54,000. In September 2014, one year after Lowry and Winenger divorced, Lowry allegedly forged Winenger's signature on a power of attorney form (IRS Form 2848) and then used the document to contact the IRS and inspect Winenger's 2013 tax return over the phone. According to

Winenger, during the phone call, Lowry also convinced the IRS agent to transfer $54,000 from Winenger's income tax account to Lowry's income tax account. Lowry disputes these allegations, denies forging Winenger's signature, and in turn claims that because she was the sole income earner in their marriage that year, the IRS properly allocated the tax credits to her individual account.

Winenger admits that he knew in 2014 that Lowry had "managed to convince the [IRS] to shift $54,000.00" from his tax account into her own account, but he says that he did not discover that Lowry had used a forged Form 2848 to inspect his 2013 tax return and facilitate the transfer until 2022. Upon discovering this information, Winenger sued, alleging unauthorized inspection of his 2013 federal tax return in violation of 26 U.S.C. § 7431(a)(2) (Count I), fraud (Count II), conversion (Count III), and identity theft (Count IV).

On Lowry's motions, the district court granted judgment on the pleadings to her against Winenger's claim for conversion (Count III), and granted summary judgment to her on Winenger's claims for fraud (Count II) and identity theft (Count IV). The parties proceeded towards trial on Winenger's sole remaining claim, a violation of § 7431 (Count I). But roughly two weeks before trial was scheduled to start, the district court *sua sponte* entered an order due to a "concern about whether Count I states a cognizable claim for relief." The district court recognized that § 7431(a)(2) "permits a taxpayer to 'bring a civil action for damages against' a person, other than an officer or employee of the United States, who

'knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to [the] tax payer." However, the court noted, in order to state a claim under § 7431 "[t]he plaintiff must also allege that the inspection or disclosure occurred in violation of 26 U.S.C. § 6103." Section 6103 prohibits certain categories of persons from disclosing tax return information, but Winenger's amended complaint did "not allege that [Lowry] is an individual to whom § 6103's prohibition against disclosure of tax return information applies." The district court ordered the parties to address this issue at the already scheduled pretrial conference.

Following briefing and the pretrial conference, the district court issued an order dismissing Winenger's § 7431 claim on the grounds outlined in its prior order and closing the case. The district court explained that "[a]lthough [Lowry] allegedly conducted an unauthorized inspection of [Winenger's] tax return information, because [Lowry] is not an individual covered under § 6103, the alleged unauthorized inspection did not violate § 6103." Therefore, the court held, Winenger "cannot meet a critical element of his claim for a § 7431(a)(2) violation."

Winenger timely appealed, challenging only the dismissal of his § 7431 claim.

## II.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir.

2021).  We also review *de novo* questions of statutory interpretation. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

Here, the district court properly dismissed Winenger's complaint on the basis that his sole remaining claim failed to properly state a claim for relief under § 7431(a)(2).  By its plain language, § 7431(a)(2) creates a cause of action against "any person who is not an officer or employee of the United States," who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c)."  26 U.S.C. § 7431 (a)(2).  Thus, a claim for relief under § 7431(a)(2) must state a violation of either § 6103 or § 6104(c).

In his complaint, Winenger is suing his ex-wife, Lowry, and only Lowry, so he must plead that she somehow violated either § 6103 or § 6104(c).  However, § 6104(c) concerns the actions of "[s]tate officials," which plainly does not apply to her, and Winenger does not claim that it does.  26 U.S.C. § 6104(c).  As for § 6103, it prohibits the improper handling of tax returns by three enumerated categories of people, providing that:

> (1) *no* officer or employee of the United States,
>
> (2) *no* officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any tribal or local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D)

who has or had access to returns or return information under this section or section 6104(c), and

(3) *no* other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (8), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n)

*shall disclose any return or return information* obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

26 U.S.C. § 6103(a) (emphases added).

The first two categories listed by § 6103(a) -- essentially, governmental workers -- clearly do not apply to Lowry. Section 6103(a)'s third category likewise does not apply to Lowry because it is limited to certain persons who are authorized to obtain tax return information from the IRS for specific, regulated purposes. This group includes individuals who obtain tax returns of a corporation in which they own shares, *id.* § 6103(e)(1)(D)(iii), or persons

24-12732               Opinion of the Court                7

who receive tax return information in order to verify eligibility requirements for certain government programs, *id.* § 6103(l)(21).[1]

On appeal, Winenger argues that "Section 6103 is not a statute enumerating who is <u>barred from</u> inspecting or disclosing returns and/or return information, but rather providing an exclusive list of those people who are <u>permitted to</u> inspect or disclose such information." But this argument ignores the plain text of § 6103(a),

---

[1] The full list of persons identified by 26 U.S.C. § 6103(a) includes: (1) persons whom a taxpayer has designated to receive his tax return information, § 6103(c); (2) individuals who obtain tax returns of a corporation they own shares in, § 6103(e)(1)(D)(iii); (3) certain federal and state prison officials, § 6103(k)(10); (4) certain whistleblowers, § 6103(k)(13); (5) certain individuals who receive "return information for purposes of cybersecurity and the prevention of identity theft tax refund fraud," § 6103(k)(14); (6) certain Social Security Administration officials and contractors, § 6103(k)(15); (7) individuals who work for child support enforcement agencies, § 6103(l)(6) and (8); (8) persons processing reductions under the Internal Revenue Code, § 6103(l)(10); (9) persons processing employment status verifications of Medicare beneficiaries, § 6103(l)(12); (10) certain persons processing loan obligations or financial aid under the Higher Education Act of 1965 (§ 6103(l)(13); (11) persons administering the District of Columbia Retirement Protection Act of 1997, § 6103(l)(16); (12) persons providing transitional assistance under the Medicare discount card program, § 6103(l)(19); (13) persons carrying out Medicare premium adjustments or increases, § 6103(l)(20); (14) persons who receive tax return information to carry out eligibility requirement for certain government programs, § 6103(l)(21); (15) agents or employees of a federal agency receiving information for purposes of processing a federal claim, § 6103(m)(2); (16) certain lenders, guarantees, or educational institutions who are authorized to receive tax return information for the purpose of locating individuals who have defaulted on student loans, § 6103(m)(4)(B); and (17) "other persons" providing services for the purposes of tax administration, § 6103(n).

which enumerates the three specific categories of people who *"shall [not] disclose* any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise." 26 U.S.C. § 6103(a) (emphasis added). Winenger has not alleged -- and cannot allege -- that Lowry falls into any of these groups of people who are barred from disclosing tax return information.

As the Seventh Circuit has explained, Congress set out to "limit disclosure by persons who get tax returns in the course of public business -- employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached." *Hrubec v. Nat'l R.R. Passenger Corp.*, 49 F.3d 1269, 1270 (7th Cir. 1995). Thus, § 6103 "does not forbid disclosure when information comes from other sources." *Id.* Several of our sister circuits have ruled similarly. *See e.g.*, *Trump v. Deutsche Bank AG*, 943 F.3d 627, 649 (2d Cir. 2019), *vacated and remanded on other grounds*, 591 U.S. 848 (2020) ("We agree with the Seventh Circuit that section 6103(a) limits its prohibition against disclosure of tax returns to returns requested from the three categories of persons identified in subsections 6103(a)(1)–(3)."); *Stokwitz v. United States*, 831 F.2d 893, 893 (9th Cir. 1987) ("Section 6103 establishes a comprehensive scheme for controlling the release by the IRS of information received from taxpayers to discrete identified parties.") (citation modified); *accord Lomont v. O'Neill*, 285 F.3d 9, 14 (D.C. Cir. 2002); *Baskin v. United States*, 135 F.3d 338, 342 (5th Cir. 1998).

In short, because Winenger failed to plead that Lowry belongs to any of the enumerated categories in § 6103(a) or § 6104(c), the district court did not err when it dismissed Winenger's complaint on the basis that he failed to state a claim under § 7431.

**AFFIRMED**.